Case 4:23-cv-02302   Document 21   Filed on 09/30/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COURTNEY LANE, § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-02302 |
| § | |
| CITY OF HOUSTON, § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Dismiss (Dkt. 13) filed by Defendant City of Houston ("City"). Having carefully reviewed the motion, response, reply, and applicable law, the Court **GRANTS** the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Courtney Lane ("Lane") was on a motorcycle at a red light when a pickup truck driven by Terry Rogers ("Rogers") ran through a red light and the two vehicles collided. (Dkt. 1 at p. 37). Lane suffered severe injuries as a result. *Id*. At the time of the incident, Rogers was fleeing two Houston Police Department ("HPD") officers who had attempted to initiate a stop of Rogers in his vehicle. *Id*.

Relying on information gleaned from different data points,[1] such as HPD's own records, Lane alleges that "policymakers within [the] City of Houston [have] adopted a

---

[1] The Court notes that although Lane references Exhibits A–C in his allegations, no exhibits were included in or attached to the Complaint.

custom, practice, pattern, and usage of authorizing police officers to profile Black drivers and racially target predominantly Black neighborhoods when engaging in high-speed pursuits." (Dkt. 1 at p. 2). That racial profiling, alleges Lane, caused his severe injuries. (Dkt. 1 at p. 37).

Lane claims the City's conduct violated the 14th Amendment—particularly, both the Substantive Due Process Clause and the Equal Protection Clause—as well as Title VI of the Civil Rights Act of 1964 and 42 U.S.C. § 1982. (Dkt. 1). Specifically, Lane alleges that the failure to train, supervise, and discipline—as well as the failure to create policies mandating training, supervision, and discipline—resulted in the City's violations. *Id*.

In its pending motion to dismiss, the City argues, among other things, that Lane lacks Article III standing to bring these claims. (Dkt. 13 at pp. 14–23). The City moves to dismiss this case under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. (Dkt. 13).

## LEGAL STANDARD

A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting that federal subject matter jurisdiction exists bears the burden of proving it by a preponderance of the evidence. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Under Rule 12(b)(1), the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant General's Department of Texas*, 533 F.3d 289, 293 (5th Cir. 2008). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998). "[S]tanding and ripeness are essential components of federal subject-matter jurisdiction" and are challenged under Rule 12(b)(1). *Rosa v. Am. Water Heater Co.*, 177 F. Supp. 3d 1025, 1032 (S.D. Tex. 2016) (quoting *In re Jillian Morrison*, L.L.C., 482 Fed. Appx. 872, 875 (5th Cir. 2012)).

When, such as here, "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. The Court finds that Lane does not have Article III standing to pursue this claim and, as such, the Court does not reach the parties' arguments under Rule 12(b)(6).

## ANALYSIS

To establish Article III standing and bring claims against the City, Lane must demonstrate a causal connection between his injury and the City's alleged conduct. Here, Lane is unable to do so because the actions of a third-party criminal sever the line of causation at issue. Accordingly, Lane does not have Article III standing, and the case must be dismissed pursuant to Rule 12(b)(1).

"There are three elements that a plaintiff must prove to establish Article III standing: injury in fact, traceability, and redressability." *Abraugh v. Altimus*, 26 F.4th 298, 302 (5th Cir. 2022). As for the second requirement, an injury must be "fairly traceable to the challenged action" to create standing under Article III. *Texas v. United States*, 787 F.3d 733, 748 (5th Cir. 2015). In other words, "[s]tanding jurisprudence requires a causal connection between the complained-of conduct and the plaintiffs' injuries." *Jackson v. City of Houston*, No. 4:23-CV-00052, 2023 WL 7093031, at *3 (S.D. Tex. Oct. 26, 2023). "The causation requirement is central to Article III standing." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 383 (2024).

"[P]laintiffs attempting to show causation generally cannot 'rely on speculation about the unfettered choices made by independent actors not before the courts.'" *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 415 n.5 (2013)). "[W]here a causal relation between injury and challenged action depends upon the decision of an independent third party," standing is "ordinarily 'substantially more difficult' to establish." *California v. Texas*, 593 U.S. 659, 675 (2021) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992)). "Therefore, to thread the causation needle in those circumstances, the plaintiff must show that the 'third parties will likely react in predictable ways' that in turn will likely injure the plaintiffs." *All. for Hippocratic Med.*, 602 U.S. at 383 (quoting *California*, 593 U.S. at 675). While "it does not suffice if the injury complained of is the result of the *independent* action of some third party not before the court, that does not exclude injury produced by determinative or coercive effect upon the action of someone else." *Bennett v.*

*Spear*, 520 U.S. 154, 169 (1997) (cleaned up) (emphasis in original). In general, an injury is not "fairly traceable" when "the intervening, independent act of a third party" is "a necessary condition of the harm's occurrence." *Texas*, 787 F.3d at 752.

Here, Lane argues that the line of causation is as follows: (1) the City has a policy of targeting Black drivers, which led to (2) the City deciding to engage in a high-speed chase of Rogers, which led to (3) Rogers hitting Lane. However, this argument fails to consider the independent conduct of Rogers as a third-party criminal. Without Rogers's decision to flee from HPD, there would be no high-speed chase to result in Lane's injuries.

Ultimately, the Court must determine whether Rogers's action as a third-party criminal severs the causal chain. To do so, the Court must assess whether the City exerted a "determinative or coercive effect" upon Rogers. *Bennett v. Spear*, c, 169 (1997). This Court recently conducted the same inquiry under similar circumstances in *Jackson*. In that case, three bystanders were killed during high-speed chases between HPD and fleeing criminals. *Jackson*, 2023 WL 7093031, at *1. While assessing causation, the *Jackson* court reasoned that "[i]t is *inconceivable* that the City 'determined' or 'coerced' the fleeing criminals into killing [the victims]." *Id*. at *3 (emphasis added). This Court concluded in *Jackson* that the victims did not have standing because it was the fleeing driver—not the officer—who "intentionally placed himself and the public in danger by unlawfully engaging in the reckless, high-speed flight." *Id*. (quoting *Thompson v. Mercer*, 762 F.3d 433, 439 (5th Cir. 2014)).

The analysis in *Jackson* mirrors that of this case. Here, the Court finds that the City did not exert an effect upon Rogers such that the City's actions resulted in the high-speed chase. Further, the Court does not consider the act of fleeing HPD to be a predictable reaction to a traffic stop. At bottom, the chain of causation is clear: if the driver stops, there is no chase. Rogers's decision to engage in dangerous criminal behavior by fleeing HPD is an intervening factor severing the causal chain and is a necessary condition of the occurrence of Lane's injuries. Accordingly, causation is not satisfied, and Lane does not have standing under Article III to bring this claim against the City.

## CONCLUSION

For the above reasons, the Court finds that Lane's allegations do not support a finding of causation sufficient to support Article III standing in a suit against the City. Accordingly, the City's Motion to Dismiss (Dkt. 13) is **GRANTED** and all other pending motions are **DISMISSED** as **MOOT**.

SIGNED at Houston, Texas on September 30, 2024.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE